**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ERIC LAMAR ELLIS** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-794-P** |
| | § | |
| **CITY OF ROANOKE, ET AL.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING THE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FILED BY PLAINTIFF, A VEXATIOUS LITIGANT, AND RECOMMENDING DISMISSAL OF PLAINTIFF'S CASE**

On June 26, 2026, the above-styled and numbered cause was removed to this Court [doc. 1] by Defendant City of Roanoke. As Ellis has been declared a vexatious litigant in this Court because of his consistent and unrelenting pattern[1] of filing frivolous cases (*see* 4:23-CV-685-P [doc. 8]), he must "obtain leave [of] court by filing a motion before he is permitted to file any additional complaints in this district." As a result, the Court, in an order dated July 16, 2026, ordered Ellis to file a motion for leave to amend his complaint that set forth the reasons he should be allowed to file an amended complaint. (Court's July 16, 2026 Order [doc. 21] at 2-3.) In that order, the Court stated that it would "recommend denying the motion for leave, dismissing the case, and sanctioning Ellis if Ellis' proposed amended complaint indicates that this case is another frivolous case in which Ellis is again attempting, without non-conclusory factual support, to harass Defendants." (*Id*. at 2.)

[1] A quick search of the Court's records indicates that Ellis, to date, has been a Plaintiff in over twenty suits in this district. In addition, the Court notes that, while not conducting an exhaustive search into the issue, Ellis has been declared a vexatious litigant in the Western District of Louisiana (*Ellis v. Nixon, et al.*, case no. 5:21-cv-03856-SMH-MLH [doc. 121]) and warned by the U.S. Court of Appeals for the Fifth Circuit to stop filing frivolous, repetitive, or otherwise abusive appeals (*Ellis v. Garza-Lopez, et al.*, case no. 26-10086 [doc. 28]).

On July 22, 2026, Ellis filed a Motion for Leave to File First Amended Complaint [doc. 23]. In his proposed Amended Complaint, which is over one hundred pages long (including attachments), Ellis asserts the following claims: (1) unreasonable prolongation and manner of seizure in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983, against Defendant Officer Jack Wiseman ("Officer Wiseman"); (2) unreasonable post-arrest detention in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983, against Officer Wiseman; (3) false imprisonment against Officer Wiseman; (4) municipal liability, pursuant to 42 U.S.C. § 1983, against Defendants City of Roanoke, Texas, and City of Grapevine, Texas; (5) unreasonable post-arrest detention, pursuant to 42 U.S.C. § 1983, against Defendant City of Grapevine, Texas and unknown John Doe detention officers; (6) negligence against Defendants All American Towing & Recovery, Inc. ("All American Towing") and Joseph B. Fikes ("Fikes"); (7) bailment against Defendants All American Towing and Fikes; (8) negligent hiring, retention, supervision, and entrustment against Defendant All American Towing; and (9) vicarious liability against Defendant All American Towing. (Plaintiff's Proposed Amended Complaint ("Pl.'s Proposed Am. Compl.") [doc. 23-1] at 29-48.)

In his proposed Amended Complaint, Ellis alleges that all his claims arise out of the "warrantless arrest by Officer Jack Wiseman of the City of Roanoke Police Department on May 11, 2026, Plaintiff's subsequent transport from Denton County to the Grapevine Detention Center in Tarrant County, his continued detention after a Denton County magistrate determined that no probable cause existed for further detention and ordered his immediate release on a written promise to appear, and the towing and handling of Plaintiff's vehicle by All American Towing & Recovery, Inc., and its employee, Joseph B. Fikes." (Pl.'s Prop. Am. Compl. at 2.) Plaintiff claims that he "was not released from custody until approximately 2:02 pm. on May 12, 2026, more than twenty-

four hours after his arrest on May 11, 2026." (*Id.* at 17 (emphasis omitted).) In support of his allegations, Plaintiff attaches a form that has a section titled "Defendant's Acknowledgement of Alleged Offense, Bonds and Rights" from the City of Roanoke Municipal Court. (Pl.'s Proposed Am. Compl. at 55.) This form indicates that Ellis was charged with the offenses of "FMFR"[2] and "NO DL." (Pl.'s Proposed Am. Compl. at 55.) It further shows that the Denton County magistrate judge found, after review of appropriate charging documents "NO FINDING OF PC and Defendant is released with a Written Promise to Appear." (*Id.*) The magistrate judge did NOT check the box that stated, "Based upon a lack of factual detail set forth in an affidavit of probable cause or the existence of confirmed warrants, NO PROBABLE EXISTS for further detention, and the defendant should be RELEASED IMMEDIATELY." (*Id.*)

In evaluating whether Plaintiff's proposed Amended Complaint is frivolous, the Court begins by noting that, "[i]n Texas, a peace officer with probable cause can arrest an individual without a warrant for any offense committed in his presence of within his view." *Unger v. Compton*, No. 6:05cv186, 2006 WL 1737567, at *6 (E.D. Tex. June 23, 2006). "Pursuant to Tex. Transp. Code 521.457, it is an offense to operate a motor vehicle on a highway without a valid driver's license." *Id*. at 7. Thus, in this case, based on the non-conclusory facts alleged, Officer Wiseman had probable cause to arrest Ellis for driving without a driver's license and it was not unlawful for him to proceed with the arrest without a warrant. *Id.*; *see also Unger v. Taylor*, 368 F. App'x 526, 531 (5th Cir. 2010) (stating that a police officer has probable cause to arrest a person for driving without a license and operating a vehicle with defective equipment). While Plaintiff

[2] This stands for failure to maintain financial responsibility, which is a legal charge for driving without car insurance. *See*, *e.g.*, *Davis v. Cedar Hill Police Dep't*, No. 3:17-cv-278-M-BN, 2018 WL 1633023, at *2 (N.D. Tex. Mar. 9, 2018), *rep. and rec. adopted*, 2018 WL 1617858 (N.D. Tex. Apr. 4, 2018)..

alleges that "Officer Wiseman requested Plaintiff's driver's license and other identifying information" and that he "complied with Officer Wiseman's commands and provided the information requested," Plaintiff fails to make any non-conclusory allegations that he, in fact, had a valid driver's license or liability insurance. (Pl.'s Proposed Am. Compl. at 10.)

Moreover, Plaintiff misrepresents the findings of the Denton County Magistrate Judge. Contrary to Plaintiff's allegations, the magistrate judge, did NOT check the box stating "NO PROBABLE CAUSE EXISTS for further detention" directing "RELEASE IMMEDIATELY." (*Compare.* Pl.'s Proposed Am. Compl. at 16-17 *with* Pl.'s Proposed Am. Compl. at 55.) Instead, as noted above, the magistrate judge checked the box that stated, "NO FINDING OF PC and Defendant is released with a Written Promise to Appear." (*Id*. at 55.) The magistrate judge's finding of "no probable cause" "only related to the question as to whether he had sufficient information before him to justify holding [Ellis] further for the offense" and was not a "finding that there was no probable cause for [Ellis's] stop, . . . or his arrest." *State v. Newton*, 780 S.W.2d 957, 958 (Tex. App.—Fort Worth 1989, no pet.). "'The validity of the arrest does not depend on whether the suspect actually committed a crime.'" *Goad v. Lyde*, No. 7:23-cv-00063-O, 2024 WL 1078225, at *6 (N.D. Tex. Mar. 12, 2024) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1982)). "And 'the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest.'" *Id*.

In addition, a detention of just over 24-hours is not unreasonable. *See Ellis v. City of White Settlement, Tex.*, No. 4:22-cv-01095-O-BP, 2023 WL 8813890, at *8 (N.D. Tex. Nov. 28, 2023) ("Courts have declined to define the amount of delay that is reasonable but overdetention by 30 days is a per se deprivation of due process.") (internal quotation marks and citation omitted).) Detainees are not entitled to "instantaneous release: it is reasonable for jailers to have some

administrative delay in processing an inmate's discharge." *Crittindon v. LeBlanc*, 37 F.4th 177, 188 (5th Cir. 2022).

Based on the foregoing, it is clear that Ellis' has failed to allege a violation of his fourth amendment rights for unlawful seizure (both during and after his arrest). The Court will not continue wasting more scarce judicial resources in addressing in detail each of Ellis' other alleged claims in his proposed Amended Complaint as it is clear that such complaint is frivolous.[3] The frivolous nature of Ellis' proposed Amended Complaint is unmistakable when viewed against the backdrop of Plaintiff's well-documented history of abusive litigation. As stated above, Ellis was declared a vexatious filer in this Court on August 4, 2023. Nevertheless, this declaration has not slowed his attempts to clog both the state and federal Court systems with meritless cases. A sampling of such lawsuits filed after August 4, 2023, in this district are set out in the chart below.

| Date Filed | Case Number | Style | Notes |
|---|---|---|---|
| 11/14/2023 | 4:23-cv-1150-Y | *Ellis v. Texas Parking Authority, et al.* | Ellis attempted to remove his own action from the state court where he filed it. |
| 2/2/2024 | 4:24-cv-111-P | *Ellis v. Cargill Meat Solutions* | Ellis voluntarily dismissed this suit. He had previously filed suits against Cargill Meat Solutions on 9/26/22 (4:22-cv-864-Y) and 11/16/22 (4:22-cv-1020-Y) |
| 2/2/2024 | 4:24-cv-112-P | *Ellis v. Ultimate Kronos Group* | Ellis voluntarily dismissed this suit. |
| 2/21/2025 | 4:25-cv-168-P | *Ellis v. Ventura Foods, LLC, et al.* | Case was removed from state court by Defendants. |
| 3/10/2025 | 4:25-cv-234-O | *Ellis v. Ben E. Keith Company* | Case was removed from state court by Defendants. |

[3] The Court notes that, even assuming Plaintiff had plausibly alleged some non-frivolous state-law claims, the Court would decline to exercise supplemental jurisdiction over such claims as Plaintiff has clearly failed to allege a valid constitutional or other federal claim.

| | | | |
|---|---|---|---|
| 8/19/2025 | 4:25-cv-899-P | *Ellis v. DeJoy (Postmaster General of the United States Postal Service)* | Case was removed from state court by Defendants |
| 9/9/2025 | 4:25-cv-983-P | *Ellis v. Ventura Foods, LLC, et al.* | Dismissed because Ellis failed to obtain leave of court to file complaint. |
| 9/16//2025 | 4:25-cv-1009-Y | *Ellis v. USPS, et al.* | Found to be duplicative of 4:25-cv-899-P. |

Moreover, the Court would be remiss if it did not point out a disturbing pattern and practice of Ellis in filing civil rights litigation against, *inter alia*, cities and/or police officers following virtually every arrest. While this chart is not all-inclusive, it reveals this established pattern.

| Case Number | Style | Notes |
|---|---|---|
| 3:22-CV-265-B | *Ellis v. Police Department of Irving, et al.* | Date of arrest: 8/4/2021; case was transferred to this Court from the Western District of Louisiana |
| 3:22-cv-675-N | *Ellis v. Garza-Lopez, et al.* | Date of arrest: 8/4/2021; case against police officers of the Irving, Texas. Police Department |
| 4:22-cv-1028-P | *Ellis v. City of White Settlement, et al.* | Date of arrest: 11/7/2022 |
| 4:22-cv-1095-O | *Ellis v. City of White Settlement, et al.* | Date of arrest: 12/5/2022 |
| 4:23-cv-685-P | *Ellis v. City of Fort Worth, et al.* | Date of arrest: 3/26/2023 |
| 4:23-cv-684-P (originally filed in the Dallas Division as 3:23-cv-1508-N) | *Ellis v. City of Grand Prairie, et al.* | Date of arrest: 6/30/2023 |
| 3:25-cv-867-N | *Ellis v. Wellman, et al.* | Date of arrest: 1/11/2025; case against City of Dallas and police officer of the Dallas, Texas Police Department. Case was removed from state court by Defendants. |
| 4:26-cv-143-P | *Ellis v. City of River Oaks, Texas, et al.* | Date of arrest: 1/17/2026; case was removed from state court by Defendants. |

While the Court does not contend that repeated constitutional civil rights violations are impossible, the extraordinary frequency with which Plaintiff alleges such violations across unrelated incidents only supports the Court's frivolous finding in this case. Plaintiff's repetitive and meritless filings continues to impose a real, substantial, and unnecessary burden on the Court's limited resources. The Court exists to resolve legitimate disputes, not to serve as a vehicle for serial, duplicative

litigation. Consequently, in light of the above, the Court **FINDS and CONCLUDES** that Plaintiff's proposed Amended Complaint is frivolous.

## RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion for Leave to File First Amended Complaint [doc. 23] be **DENIED** and that all claims against Defendants be **DISMISSED WITH PREJUDICE**.

The Court further **RECOMMENDS** that Plaintiff be **SANCTIONED** no less than $500 for the above-described conduct and that **NO** further filings from Plaintiff, whether in any case filed by Plaintiff or any case removed to this Court in which Plaintiff is a party, be accepted until Plaintiff pays such sanction.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d

1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **August 18, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 4, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE